Gbben, J.
delivered the opinion of the court.
This is an action by the holder against the defendants as endorsers of a promissory note payable at the branch of the Union Bank at Memphis.
The plaintiff proved, that notices of demand and nonpayment were placed in the post office at Memphis in due time, addressed to the defendants at “Shelby Corner postoffice;” that said post-office is twenty-five or thirty miles from Memphis, where said. note was payable, and is within three miles of the residence of the defendants, and is their nearest postoffice. It was proved, that Shelby Corner post office is in the same county with Memphis, where said note was payable. The defendants, as it was the custom of the bank to require, wrote under the endorsement of their names, on said note, their post office, “Shelby Corner.” The court charged the jury, in substance, that when endorsers reside in the same county where the note is payable and has been protested, it is necessary to send notices by a special messenger; and that notices sent to them by mail, directed to them at their nearest post office, would not be sufficient, although they might have endorsed their post office address under their names. The Circuit Court was governed in this charge, by the decision of this court in the case of the Nashville Bank v. Bennett, (1 Yerg. R. 166,) where the court decided, that a notice deposited in the postoffice at Murfreesborough, addressed to Bennett at Jefferson, was not sufficient; Jefferson being eleven miles from Mur-freesborough, and Bennett living eleven miles from Murfreesbo-rough and within two and a half miles of Jefferson. Although the Circuit Judge in that case told the jury, that if the defendant lived in the county where the note was payable, he ought to have personal service of notice, and that its transmission by mail to his nearest post office would not be sufficient: yet this court, in affirming the judgment, did not assume that broad proposition. The decision was based upon the proposition assumed by the court, that the holder must use “the means most likely to give the earliest actual notice to the endorser;” and as *91 it appeared in proof, that Bennett was not in the habit of doing business at Jefferson, although it was so near his residence, the court assumed that the holder ought to have known that fact, and to have resorted to means more likely to ensure the endorser’s actual reception of early notice. It would be difficult to maintain the principle of that case. The question, whether a party is in the habit of doing business at a particular post office, becomes important only where the holder seeks to fix an endorser with notice, when it had been sent to a post office which was not the nearest to his residence. In such case, proof that the party to be notified was in the habit of receiving and transmitting communications through the post office to which the notice was addressed, will be sufficient to fix his liability, though there might be another post office nearer, to which he was not in the habit of resorting. But this would by no means prove that a notice addressed to his nearest post office would not also be sufficient: for as a general rule, the law requires that it should be so addressed; but if the holder knows that the party does his business at a different post office, a notice sent to such place will be good, and will form an exception to the general rule. The court in that case refer to the case of Barker v. Hall, (Mart. & Yerg. R. 183,) and recognize the principle upon which it was decided. In that case the note was payable in Nashville, and the notice was deposited in the post office at Nashville, that being the nearest post office to the defendant’s residence, which was seven miles from town. The court decided, that where the parties lived in the same place, a deposit of notice in the postoffice would not be sufficient, but that actual notice must be given by a special messenger. It is also said in that case, that what is meant by the same place, is where the parties live in the same neighborhood and transact business at the same post office. In such case a mere deposit in the post office will not be sufficient. We think this case states the principle correctly; but we do not think it warrants the decision of the Circuit Judge in the present case. There is no reason that a county line should be regarded on this subject. Were we so to hold, the absurdity would often exist, of the necessity to send a notice to one endorser by a special messenger a distance of forty or *92 fifty miles, because his residence was in the county, whereas notice to another, residing only ten miles, would be sufficient if sent by mail, provided the party lived in another county. In the case of Ireland v. Kip, (10 Jh. R. 490 and 11 Jh. R. 231,) the court held, that where the party resided at Kip’s Bay, three and a half miles from the postoffice in the city of New-York, a notice put in the post office directed to him was not sufficient. This case embraces the same principle decided by this court, in the case of Barker v. Hall. The same court, in a late case, (Ramson v. Mask, 2 Hill’s R. 587,) decided that service of notice of dishonor cannot be made through the post office, if the party sought to be charged reside in the same place where the presentment or demand is made. But the court say in the same case, that it is otherwise if he reside in another place several miles distant, though in the same town, provided it appear that there is a post office near his residence, at which he usually receives his letters and papers, and a regular communication by mail between the two places. This case also, supports the principles of the case of Barker v. Hall, as well in the proposition, that when the parties reside in the same place, notice placed in the post office, addressed to the endorser, will not fix him with notice, as in the proposition, that by the same place is to be understood, when the parties live in the same neighborhood, and transact their business at the same postoffice. If a party to a bill or note live several miles distant from the place where it is payable, though it be in the same county, if there be a post office near his residence at which he usually receives his letters and papers, and to which there is a regular communication by mail from the place where the bill or note is payable, a notice sent by the mail will be sufficient.
,2d. Independently of the foregoing view of the case, we think the endorsers, by writing the name of their post office under their signatures on the note, thereby impliedly directed notice to be sent, by mail, to such post office.
Upon both grounds, therefore, we think there is error in the judgment, and that it must be reversed.